IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | | Criminal No. RDB-18-0339 |
| v. | * | |
| BRANDEN JONES, | * | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Defendant Branden Jones ("Defendant" or "Jones") is a prisoner seeking release from detention pending sentencing as a result of the COVID-19 Pandemic. Now pending is Defendant's Motion for Review of Detention Order and Request for Detention Hearing. (ECF No. 586.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Jones has not met his burden to demonstrate, by clear and convincing evidence, that he does not pose a flight risk and is not a threat to the community. For the reasons stated herein, Defendant's Motion for Review of Detention Order and Request for Detention Hearing (ECF No. 586) is DENIED.

## BACKGROUND

On October 18, 2018, Jones was arrested pursuant to a federal superseding indictment, charging him with conspiracy to possess with intent to distribute controlled dangerous substances, in violation of 21 U.S.C. § 846. (ECF Nos. 18, 106.) On October 15, 2018, Jones consented to pretrial detention. (ECF No. 120.) Following a detention hearing on November 13, 2018, then-Magistrate Judge Stephanie Gallagher issued a detention order. (ECF No. 145.)

A second superseding indictment was returned on December 13, 2018, charging Jones with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. (ECF No. 170.) On November 12, 2019, Jones pled guilty to Count One of the Second Superseding Indictment, conspiracy to possess with intent to distribute controlled dangerous substances, pursuant to a plea agreement. (ECF No. 421.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed on a total sentence of 120 months of imprisonment. (*Id.*)

Sentencing was originally scheduled for February 27, 2020, but Defendant's sentencing memorandum of February 14, 2020 asked the Court to impose a sentence of no more than 60 months, despite acknowledging that the "parties stipulate and agree that a sentence of '120 months imprisonment' is sufficient." (ECF Nos. 432, 525.) The Government considered this request a breach of Defendant's plea agreement. (ECF No. 530.) Accordingly, Defendant's sentencing was rescheduled to March 3, 2020 to resolve the dispute. (ECF No. 544.) On March 3, 2020, sentencing was again postponed to May 27, 2020. (ECF No. 550.)[1]

On April 14, 2020, Defendant filed the presently pending Motion for Review of Detention Order and Request for Detention Hearing. (ECF No. 586.) Defendant seeks release pending sentencing exclusively based on the potential spread of COVID-19 in the Chesapeake Detention Facility ("CDF"), where he is currently being detained.

---

[1] Pursuant to Standing Order 2020-07, the United States District Court for the District of Maryland has suspended all non-emergency proceedings through June 5, 2020 due to the exigent circumstances created by the COVID-19 Pandemic. Accordingly, Jones's sentencing date shall be further postponed until after June 5, 2020.

## ANALYSIS

Defendant petitions this Court to schedule a hearing and revoke the Detention Order issued by then-Magistrate Judge Stephanie Gallagher, pursuant to 18 U.S.C. § 3145(b) and 18 U.S.C. § 3142. While Defendant asserts 18 U.S.C. § 3142 as the basis for his Motion, Section 3142 specifically applies in cases where a defendant is seeking release pending trial, which is not the case here. The proper standard to evaluate Defendant's request is 18 U.S.C. § 3143, which applies in cases where a defendant is seeking release pending sentencing, as is the case here. *See United States of America v. Cleckley*, Criminal Action No. TDC-18-0344, ECF No. 485 (D. Md. Apr. 8, 2020) (applying 18 U.S.C. § 3143 to defendant seeking release from detention pending sentencing); *United States of America v. Ashley*, Criminal No. RDB-06-0034, 2020 WL 1675994, at *3 (D. Md. Apr. 6, 2020) ("The detention or release of prisoners pending sentencing is governed by 18 U.S.C. § 3143(a).").

Defendant was convicted of a drug trafficking crime under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which the maximum penalty is ten years or more. *See* 18 U.S.C. § 3142(f)(1)(C); (ECF No. 421.) Accordingly, detention pending sentencing for such a crime is mandatory unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community

18 U.S.C. § 3143(a)(2).

As a preliminary matter, Jones has not established a substantial likelihood that a motion for a new trial or acquittal would be granted, nor has the Government indicated that no

sentence of imprisonment will be imposed. Jones has pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, a crime for which the parties agreed on a total sentence of 120 months of imprisonment (10 years), pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (ECF No. 421.) Accordingly, there is no likelihood of a successful motion for judgment of acquittal or a new trial. *See, e.g.*, *Cleckley*, Criminal Action No. TDC-18-0344, ECF No. 485 at 2 (finding no likelihood of a successful motion for judgment of acquittal or new trial where defendant pled guilty to drug trafficking crime and possession of a firearm in furtherance thereof, with a total sentence of up to 16 years' imprisonment); *United States v. Davis*, Criminal Action No. GJH-17-493, 2020 WL 1638687, at *2 (D. Md. Apr. 1, 2020).

However, even if one of those conditions were satisfied, Jones does not provide any basis for this Court to find by clear and convincing evidence that he is neither a flight risk nor a danger to the community. The Court considers a variety of factors in determining whether a defendant poses a danger to the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a … controlled substance [or] firearm; "the weight of the evidence against the person"; "the history and characteristics of the person…"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. § 3142(g).

All of these factors weigh against releasing Jones pending his sentencing. Jones pled guilty to a drug trafficking crime that carries with it an agreed-upon sentence of 120 months. This fact alone invites a temptation to flee and reflects conduct that poses a danger to the

4

community.  *See Ashley*, 2020 WL 1675994, at *3 ("The prospect of [defendant's] return to prison would surely invite a temptation to flee."); *see also Davis*, 2020 WL 1638687, at *2 (finding defendant could not establish he was not a danger to the community when he was "found guilty of conducting a large-scale drug trafficking operation responsible for distributing hundreds of kilograms of cocaine and other drugs in the District of Maryland.").  Moreover, Jones has a documented history of violating his probation.  His Presentence Report reflects a probation violation on May 15, 2018, for which he was sentenced to 3 years, 11 months, and 29 days of imprisonment, all suspended, and he was continued on probation.  (Presentence Report ¶¶ 30-33, ECF No. 539.)  Accordingly, this Court finds that Jones cannot satisfy the requirements of 18 U.S.C. § 3143(a)(2), and that Jones must remain detained pending sentencing in this case.

As this Court has previously noted, the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities during this global pandemic.  *See, e.g. Ashley*, 2020 WL 1675994, at *4.  However, these concerns are "insufficient to trigger the release of an individual who this Court has determined poses a threat to the safety of the community, particularly given proffers by the Government that the correctional and medical staff within the Department of Corrections ("DOC") are implementing comprehensive precautionary and monitoring practices sufficient to protect detainees from exposure" to COVID-19.  *Davis*, 2020 WL 1638687, at *2.  This analysis applies with equal force in this case, given the Government's representation that the Maryland Department of Public Safety & Correctional Services has taken significant measures to prevent the spread of COVID-19 at

the Chesapeake Detention Facility, where Jones is detained, and where there have been no confirmed cases of COVID-19 as of this writing  Accordingly, Jones's Motion is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Review of Detention Order and Request for Detention Hearing (ECF No. 586) is DENIED.  Defendant will remain incarcerated pending the sentencing hearing scheduled for May 27, 2020.

A separate Order follows.

Dated: April 17, 2020

                                     _____/s/_____
                                     Richard D. Bennett
                                     United States District Judge